# UNITED STATES EX REL. BOWLEGS *v.* LANE.

MANDAMUS; PUBLIC LANDS; SECRETARY OF THE INTERIOR; COLLATERAL ATTACK; INDIANS.

1. Mandamus will not lie against the Secretary of the Interior to compel him to issue a patent for land against which there is an outstanding . patent.

2. Where a patent for public land has been issued and recorded, the land is no longer a part of the public domain or under the supervision of the General Land Office, and the patent is not subject to collateral attack by a third party seeking to secure title to the land through the government, but is conclusive against all persons whose rights do not antedate it.

3. *Quære,* whether the Secretary of the Interior has discretionary power to withhold patent from a person whose name appears upon the completed rolls of the Five Civilized Tribes.

No. 2777.   Submitted April 5, 1915.   Decided April 26, 1915.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia overruling a demurrer to an answer to a petition for the writ of mandamus, and, the relator electing not to further plead, dismissing the petition.
*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, David Bowlegs, a minor, suing by his guardian and next friend, J. P. Davis, relator, filed a petition in the supreme court of the District of Columbia praying for the is-

suance of a writ of mandamus against respondent as Secretary of the Interior of the United States to issue to him a patent for certain lands located in the State of Oklahoma. Relator demurred to the return of respondent, which demurrer was overruled. Refusing to further plead, judgment was entered, from which the relator has appealed.

It appears that on May 24, 1901, one Barney Thlocco was enrolled as a citizen by blood of the Creek Indian Nation, which enrolment was approved by the Secretary March 28, 1902. Shortly thereafter, the lands involved in this suit were set apart as the allotment of Thlocco, and thereafter, in March, 1903, the United States Commission to the Five Civilized Tribes caused the principal chief of the Creek Nation, as provided by law, to issue a patent to Thlocco for said lands. The patent was approved by the Secretary of the Interior, and recorded in the office of the Commission.

On April 20, 1905, one Columbia Bowlegs, a freedman citizen of the Creek Nation, represented to the Commission that there had been born to her November 11, 1902, a son, David Bowlegs, who was living on the 4th day of March, 1905. Under this statement, David Bowlegs was entitled by law to enrolment as a Creek freedman and to allotment as such. His name was accordingly placed on the roll of New Born Creek Freedman, opposite number 796. The enrolment was subsequently approved by the Secretary of the Interior. It was thereafter brought to the knowledge of the Secretary that Bowlegs had died in the year 1903, and the Secretary directed that the following notation be placed opposite his name on the approved roll of New Born Creek Freedmen: "Died prior to March 4, 1905; not entitled to allotment." Representations were subsequently made to the Secretary of the Interior to the effect that Bowlegs was still living, and application was made to the Secretary for the erasure of the notation on the rolls. Evidence upon said application was taken, and the cause is now under consideration in the Department of the Interior.

Subsequent to the enrolment of Bowlegs, the Secretary of the Interior struck from the rolls the name of Barney Thlecco,

on the ground that he had died prior to April 1, 1909, and was not, therefore, lawfully entitled to enrolment or allotment. Patent having been issued to Thlecco, a suit for the cancelation of the patent was instituted in the United States district court for Oklahoma, which suit is still pending. In this state of the record, with a suit for the cancelation of the patent to Thlecco undetermined, and the proceeding still pending before the Secretary of the Interior to determine whether or not Bowlegs was properly enrolled as a Creek freedman, relator brought this action.

*Mr. John B. Meserve, Mr. Marshal L. Mott, Mr. Amasa J. Ward, Mr. Willard L. Sturdevant,* and *Mr. James W. McNeill* for the appellant.

*Mr. Preston C. West,* and *Mr. C. Edward Wright* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Relator is here seeking the writ of mandamus to compel the Secretary of the Interior to issue a patent for land against which there is an outstanding patent. It is well settled that when a patent for public land has been issued and recorded, the land is no longer a part of the public domain or under the supervision of the Land Department. It is not subject to collateral attack by a third party to secure title to the land through the government. It is conclusive against all persons whose rights do not antedate its issue. If irregularly issued, it may be set aside in a court of competent jurisdiction, in a proceeding instituted by the government itself. In *Hoofnagle* v. *Anderson,* 7 Wheat. 212, 5 L. ed. 437, the rule was originally announced by Chief Justice Marshall as follows: "It is not doubted that a patent appropriates lands. Any defects in the preliminary steps which are required by law are cured by the patent. It is a title from its date, and has always been held conclusive against all those whose rights did not commence previous to its emanation.

\* \* \* If the patent has been issued irregularly, the government may provide means for repealing it; but no individual has a right to annul it, to consider the land as still vacant, and to appropriate it to himself." This has been reaffirmed in many cases, and again in the late case of *Burke* v. *Southern P. R. Co.* 234 U. S. 669, 692, 58 L. ed. 1527, 1549, 34 Sup. Ct. Rep. 907.

Without considering the graver question of the discretionary power of the Secretary of the Interior to withhold patent from a person whose name appears upon the completed rolls of the Five Civilized Tribes, it is clear that the relator is in no position to compel the issuance of a patent to land not now a part of the public domain, and, for aught that appears, may not be restored to it.

The decree is affirmed, with costs.                    *Affirmed.*